PATRICK *v.* MYERS

No. 40827          September 22, 1958          104 So. 2d 894

*Barnett, Jones & Montgomery, Watkins, Edwards & Ludlam,* Jackson, for appellant.

*King & King,* Jackson, for appellees.

McGehee, C. J.

The appellant Annie Laurie Patrick and the appellees W. B. Myers and wife own adjoining lots in Block 2 of McKee Subdivision of the City of Jackson, the appellees being the owners of Lot 1 and the appellant of Lot 2 thereof, and they reside on their respective lots. Appellant's residence on Lot 2 faces north toward McKee Street, and the residence of the appellees on Lot 1 fronts east on North West Street. The driveway of the appellees runs east and west on the south side of their Lot No. 1. The dimensions of their lot are approximately 65 feet along the east and west sides and approximately 91 feet on the north and south sides thereof. Whereas the dimensions of appellant's lot are 50 feet along the north and south sides and approximately 127.7 feet along the east and west sides thereof.

The land here in dispute is a portion of the appellant's driveway, which she and her predecessors in title have used exclusively for that purpose for more than ten years prior to the filing of this suit by the appellees to cancel, as a cloud upon their title, the appellant's claim to almost one-half of the area of her driveway, and confirm their title to that portion of the driveway on the east side of the same, being a strip of land 4.8 feet wide on the north end and 4.4 feet wide on the south end thereof, and to enjoin

the appellant from further use of the narrow strip in question as a part of her driveway.

The trial court granted the full relief sought by the appellees as to the strip of land in dispute.

In her answer and cross bill the appellant set up her claim to the fee simple title of the disputed area by adverse possession, and her cross bill also contained a prayer for general relief. She contends on this appeal that she is entitled to have her title confirmed in fee simple to Lot 2, including the disputed area whether the same be within the calls of the deed or not, on the ground of adverse possession, but urges in the alternative that she is at least entitled to have an easement over the disputed area as a part of her driveway without regard to where the true line between the two lots may be, on account of the continued use of the strip of land as a part of her driveway by her and her predecessors in title for more than ten years prior to the filing of this suit in 1957.

The appellees purchased their lot and residence from Dr. Ben Walker during the year 1956, and they had not been sufficiently well acquainted with the premises for such length of time as to be able to dispute the claim of user of the strip of land in question, based upon the claim of the appellant and her predecessors in title that they had exclusively used the entire driveway for more than ten years prior to the filing of this suit. Dr. Ben Walker and the surveyor employed by the complainants, who are the appellees here, testified as to where the true line between the adjoining lots is located. Whereas the appellant and 7 or 8 witnesses in her behalf testified that when the appellant bought her Lot No. 2 in 1945 she began to claim as the line between the two lots an old picket fence, which was at that time in a bad state of repair, and some of which pickets had fallen down, and that she removed the fence on account of the fact that it was unsightly and was not in such state of repair as to be of further use as a fence. Whereas the chancellor found

that Dr. Walker, in his opinion, "gave all indications of being the same type business man that most doctors are, and that is that he was more concerned with his practice of medicine than he was with two or three feet of ground on the west side of his house, and that he paid little or no attention to what the defendant was doing, but I am confident that Dr. Walker was telling the truth when he said that defendant approached him and asked about his assuming part of the cost of building of a concrete gutter", and which the appellant and her witnesses claimed was located along the line from which she caused to be torn away and removed the old picket fence. Dr. Walker declined to assume any part of the cost of concreting the gutter where a drainage ditch had previously existed. But we are of the opinion that the fact that the appellant approached Dr. Walker to ascertain whether or not it was agreeable with him for her to concrete the ditch and whether or not he would be willing to bear a part of the cost of concreting the same, is not a controlling fact as to whether or not she had acquired an easement over a portion of the disputed area for driveway purposes, prior to that time. There is no dispute about the fact that the appellant approached the witness to ascertain whether or not it was agreeable to him that the ditch which she claimed on the trial was located where the old fence had been located could be concreted by her, with Dr. Walker bearing part of the expense of having this work done. There would be nothing unusual about the appellant asking the witness whether or not it would be agreeable for her to have this ditch concreted when she was contending that the ditch was along the line where the old picket fence had stood, and to which old fence on the east side of her house she took possession of, claiming it as a part of her lot prior to the time that she had this conversation with the witness. The fact remains that she caused the old ditch, which had become cluttered up from time to time, concreted so that it would

properly drain her property and prevent the water from going under her house, and there is no dispute of the fact that the witness Dr. Walker, as predecessor in title of the appellees, did consent for her to concrete the ditch at her own expense. It is also true that the witness Dr. Walker testified that he and Mr. Sivley Rhodes, a member of the local bar who was not called as a witness and not shown to be unavailable, went on the premises either at the time he was purchasing the property or at the time he was selling it to the appellees, and that it was his approximation that the old picket fence was then located nearer the center of the appellant's driveway and that this compared with the measurements of the plat of Lot 1 of Block 2 of McKee Subdivision, which he purchased.

However, the appellant and 7 or 8 witnesses, most of whom had resided close enough to the properties to be thoroughly familiar with the location of the fence, placed the same on the east side of the driveway which the appellant and her predecessors in title had used exclusive of all others for driveway purposes. For instance, the son of the predecessor in title of Dr. Walker had lived on the property for many years, and although introduced as a witness by the appellees he conceded that the old fence in question was located along the line of the present concreted ditch. It would be against the overwhelming weight of the testimony and manifestly wrong for us to hold that the appellant is not entitled to the right to have her title confirmed in fee simple out to the east true line of her lot and entitled in addition to a perpetual and exclusive easement for driveway purposes, and for that purpose only, declared to exist over the narrow strip in controversy as to that portion thereof which lies west of the concreted ditch. The witness who tore the old fence away and removed the same, together with other witnesses who had used the driveway from time to time, and had observed it being used by the appellant and by her

tenants of a little house on the back end of her lot, and in going from McKee Street to the coal bin in the rear of her lot, were all in position to be more familiar with the exact location of the old fence to which boundary the appellant claimed that her lot extended, than was the witness Dr. Walker, whom the chancellor found to be ''more concerned with his practice of medicine than he was with two or three feet of ground on the west side of his house'' and whom the chancellor found ''paid little or no attention to what the defendant was doing''. Even though it be true as found by the trial court that this witness was telling the truth when he said that the appellant approached him and asked him about his assuming part of the cost of building a concrete gutter, this occurred, according to the overwhelming weight of the testimony in this case, sometime after the appellant and her predecessors in title had acquired an easement over a portion of the strip of land in question for driveway purposes.

██ We have therefore concluded that the decree of the trial court in fixing the boundary line near the center of the appellant's driveway should be reversed, the injunction dissolved, and the title of the appellant under her cross bill confirmed in her in fee simple as to all of Lot 2 according to its true boundaries and that she be granted a perpetual and exclusive easement appurtenant to her lot so long as used for residential purposes by her or any of her vendees or other successors in title, for driveway purposes over the portion of the strip of land in controversy which lies west of the concreted ditch so as to afford her an easy and convenient access over the driveway from McKee Street to the improvements on the rear of her lot. No contention whatever is made that anyone other than the appellant and her predecessors in title have made any use of this driveway at any time within more than the years prior to the filing of this suit. The fact that the appellant unwisely and perhaps wrong-

fully declined to permit those who had been engaged by Dr. Walker to paint the west side of his house, to place the foot of their ladder in the east side of the driveway for the purpose of doing their work as painters, was that which evidently precipitated this lawsuit, but this does not dispense with the fact that the appellant had acquired an easement for driveway purposes over the portion of the strip of land 4.8 feet wide at the north end thereof and 4.4 feet wide at the south and thereof which lies west of the concreted ditch. The decree appealed from will therefore be reversed and a judgment rendered in favor of the appellant in accordance with the views hereinbefore stated.

The decree appealed from is affirmed as to the strip of land on the south side of appellees' lot which was originally in dispute under the pleadings, and as to all of said Lot No. 1 except as to the easement hereinbefore mentioned.

Affirmed in part, reversed in part and judgment here accordingly.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.